Filed 1/16/26  P. v. Ugaldemedina CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANGEL UGALDEMEDINA,<br><br>    Defendant and Appellant. | G063385<br><br>(Super. Ct. No. 23NF1437)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Reversed and remanded.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A.

Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Angel Ugaldemedina appeals his 2023 convictions for domestic violence battery, false imprisonment, second degree robbery, and a prior serious felony and strike offense. Prior to the start of his jury trial, Ugaldemedina sought to have all charges dismissed on the basis that the prosecution destroyed exculpatory surveillance footage. The trial court denied the request. Ugaldemedina contends this was error. But because the surveillance video was never in the possession of the prosecution, we agree with the trial court.

Ugaldemedina also argues the trial court improperly admitted evidence of his past acts of domestic violence. However, the bases he sets forth do not support his position. The admissions did not improperly lower the prosecution's burden of proof nor permit the jury to make unlawful inferences.

Last, Ugaldemedina contends the jury's true finding that he suffered a prior serious felony and strike offense based on a past gang related conviction was error. With this contention, we agree. In 2021, the Legislature amended Penal Code[1] section 186.22 with the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333). In many respects, it changed the elements of a section 186.22 offense (*People v. Fletcher* (2025) 18 Cal.5th 576, 582 (*Fletcher*), which the prosecution here did not prove. After Ugaldemedina's conviction and while his appeal was pending, the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

California Supreme Court issued *Fletcher* and held that for a pre Assembly Bill 333 section 186.22 offense to qualify as a prior serious felony and strike offense, the prosecution was required to prove that the defendant's past conduct met the post Assembly Bill 333 section 186.22 elements. (*Id.* at p. 583.) All parties agree, as do we, that the prosecution failed to meet this requirement. We, therefore, vacate the prior serious felony and strike conviction and remand for retrial and resentencing. Because we do so, we need not reach Ugaldemedina's remaining contentions pertaining to his sentence.

## FACTS

The prosecution charged Ugaldemedina with felony violations of domestic violence battery with corporal injury (§ 273.5, subd. (a); count 1), false imprisonment (§§ 236/237, subd. (a); count 2), and second degree robbery (§§ 211/212.5, subd. (c); count 3). The prosecution alleged Ugaldemedina was convicted in 2014 of carrying a loaded firearm in public (§ 25850, subds. (a) & (c)(3)) and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). It was also alleged that this conviction constituted a prior serious felony (§ 667, subd. (a)(1)) and strike (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)) because it was committed for the benefit of a criminal street gang. Ugaldemedina pled not guilty to all charges and the prior serious felony and strike allegation.

Prior to trial, Ugaldemedina moved to dismiss the complaint on the basis the prosecution destroyed or lost surveillance footage of the incident; footage he contended contained exculpatory evidence. For purposes of the motion, the parties stipulated that on the day in question, Ugaldemedina and his girlfriend, the victim, engaged in a physical and verbal dispute in the stairwell of a Motel 6. Ugaldemedina denied hitting the

3

victim to the responding officers. Officers noticed the motel had surveillance cameras which would have captured the incident, but they did not collect it because an on-site employee did not have access. The police made no further efforts to collect the video, and by the time of trial, the motel had recorded over it.

The trial court denied the motion and ruled that there was no bad faith on the part of the police to destroy possibly exculpatory evidence. The court also ruled that the police did not have a duty to collect the evidence in the first place.

The prosecution sought to introduce evidence that Ugaldemedina committed two prior acts of domestic violence. One act occurred in 2023 and involved Ugaldemedina's sister. In that incident, Ugaldemedina threw a pair of sunglasses at his sister and threatened to kill her. Ugaldemedina was convicted of misdemeanor criminal threats.

The second act involved the victim in the current case and occurred in April 2022. There, the victim went to the hospital with a black eye and told medical staff that Ugaldemedina punched her on the side of the face. Ugaldemedina was not charged in connection with that occurrence.

The trial court allowed the prosecution to introduce evidence of both acts. As to the 2023 incident, the court found the evidence "to be exceptionally probative for the disposition to commit an act of domestic violence." Regarding the 2022 incident, the court ruled the evidence was "highly incriminating information that demonstrate[d] an ongoing, at least inferentially, abusive relationship between the victim and the defendant . . . ."

At trial, the victim testified she had dated Ugaldemedina since February 2021. In June 2023, Ugaldemedina and the victim were at a motel,

and Ugaldemedina demanded money from her so he could buy drugs. Ceding to his demands, the two went to a room below theirs to get the drugs. After Ugaldemedina bought the drugs, they turned around to go back up the stairs, but the victim did not want to go and tried to get away. Ugaldemedina then grabbed the victim and dragged her up the stairs. After Ugaldemedina grabbed her, he slapped her across the cheek.

The jury returned guilty verdicts on all counts and found it true that Ugaldemedina was convicted of a prior serious felony and strike offense. Before sentencing, Ugaldemedina filed a motion to dismiss the prior serious felony and strike conviction. He argued the prosecution was required to prove that his past conduct met the current definition of a section 186.22 offense as amended by Assembly Bill 333. The court denied the motion.

The trial court sentenced Ugaldemedina to the middle term on count 1 of three years and doubled it for a total term of six years. The court imposed a sentence of five years for the prior serious felony and ran it consecutively to count 1 for a total term of 11 years. The court imposed the middle term of two years on count 2 and the middle term of three years on count 3 with both to run concurrently to count 1.

DISCUSSION

I.

THE PROSECUTION DID NOT VIOLATE UGALDEMEDINA'S DUE PROCESS RIGHTS

Ugaldemedina argues that the police's failure to collect and preserve the surveillance video violated his due process rights. However, Ugaldemedina overlooks an important fact—the police were never in possession of the video. And "due process does not require the police to collect particular items of evidence." (*People v. Montes* (2014) 58 Cal.4th 809, 837.)

5

Ugaldemedina disagrees and contends the facts of this case are like those in *People v. Alvarez* (2014) 229 Cal.App.4th 761 wherein a due process violation was found. We disagree. In *Alvarez*, the police failed to maintain video from surveillance cameras which the police owned and operated. (*Id.* at p. 767.) The video captured the crime, but instead of collecting and preserving it, the police destroyed the footage. (*Id.* at p. 768.)

Here, unlike in *Alvarez*, the police never possessed the footage. The police's failure to take additional steps to collect the evidence did not violate Ugaldemedina's due process rights. "A contrary rule would make the state a caretaker for defendants' exculpatory evidence even though the state did not control or possess the evidence. Such a rule would make no sense." (*People v. Velasco* (2011) 194 Cal.App.4th 1258, 1263.)

## II.

### THE TRIAL COURT DID NOT ERR IN ADMITTING

### EVIDENCE OF UGALDEMEDINA'S PRIOR ACTS OF DOMESTIC VIOLENCE

Evidence demonstrating the defendant has committed other acts of domestic violence is admissible to prove the defendant committed an act of domestic violence in the presently charged case. (Evid. Code, § 1109, subd. (a)(1) (section 1109).) Section 1109 "reflect[s] the Legislature's determination that in . . . domestic violence cases, 'similar prior offenses are uniquely probative of a defendant's guilt on a later occasion.'" (*People v. Robinson* (2024) 99 Cal.App.5th 1345, 1352.) The court retains discretion under Evidence Code section 352 to exclude the evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.)

6

"We review a trial court's decision to admit evidence under section 1109 for an abuse of discretion." (*Robinson, supra*, 99 Cal.App.5th at p. 1351.) "'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Ibid.*)

Ugaldemedina asserts the trial court should have excluded the prior incident with his sister because it did not involve the victim of the charged offenses. However, section 1109 permits evidence of uncharged conduct with other victims to the same extent as it does with the victim associated with the pending charges. (*People v. Johnson* (2010) 185 Cal.App.4th 520, 532.)

Ugaldemedina claims the fact that the prior incident with the victim did not result in formal charges rendered it more prejudicial than probative. But there is no general prohibition on the introduction of unadjudicated prior acts. (*People v. Escobar* (2000) 82 Cal.App.4th 1085, 1096.) That is but one factor for the court to consider. (*People v. Ewoldt* (1994) 7 Cal.4th 380, 405.) And, here, it is unlikely the other act improperly inflamed the jury's passions. The other act was no more inflammatory than the "testimony concerning the charged offenses." (*Ibid.*)

Next, Ugaldemedina contends the introduction of the prior incidents allowed the jury to conclude that since he acted in a certain manner on a prior occasion, he must have done so here. But that is the point of section 1109 evidence—it permits the jury to conclude the defendant has a propensity to commit acts of domestic violence and that the defendant acted

7

in accordance with that propensity on the day in question. (*People v. Merchant* (2019) 40 Cal.App.5th 1179, 1192.)

Last, Ugaldemedina contends that the introduction of the prior acts improperly lowered the prosecution's burden of proof in the current case. This argument has been raised before and rejected. (See *People v. Hoover* (2000) 77 Cal.App.4th 1020, 1028.) We, similarly, reject it here.

III.

WE REVERSE THE TRUE FINDING THAT UGALDEMEDINA SUFFERED A PRIOR SERIOUS FELONY AND STRIKE CONVICTION

While Ugaldemedina's appeal was pending, the California Supreme Court issued *Fletcher, supra.* The Supreme Court in *Fletcher* held that Assembly Bill 333 required that a defendant's section 186.22 conviction only qualified as a prior serious felony and strike if the prosecution proved the defendant's past conduct met the elements under Assembly Bill 333's amended version of section 186.22. (*Fletcher, supra*, 18 Cal.5th at p. 583.) The prosecution did not prove these elements here; it instead relied on Ugaldemedina's prior plea form. The plea form does not establish that Ugaldemedina's conduct met the elements of a current section 186.22 offense.

Both parties agree we should vacate the jury's true finding that Ugaldemedina suffered a prior serious felony and strike and remand the matter to the trial court for retrial and resentencing. We agree. (*Fletcher, supra*, 18 Cal.5th at p. 608 [appropriate remedy is to vacate the true findings and remand to the trial court for retrial of those allegations].)

As we vacate the conviction and sentence, we need not reach Ugaldemedina's remaining contentions.

8

## IV.

### THE ABSTRACT OF JUDGMENT INCORRECTLY REFLECTS A CONVICTION FOR FIRST DEGREE ROBBERY

Ugaldemedina points out that the abstract of judgment improperly reflects a conviction for first degree robbery when it should be second degree robbery. The Attorney General agrees. Upon review, we also agree. Ugaldemedina was charged in count 3 with, and convicted of, second degree robbery. However, the abstract reflects a conviction on count 3 for first degree robbery.

## DISPOSITION

Ugaldemedina's prior serious felony and strike conviction are reversed. On remand, the People may elect to retry, under current law, the allegation that Ugaldemedina's section 186.22 conviction qualifies as a serious felony and strike offense. Ugaldemedina's sentence is vacated, and the matter is remanded for resentencing following the People's election. Upon resentencing, we direct the trial court to prepare an amended abstract of judgment consistent with this opinion and to reflect Ugaldemedina's

conviction on count 3 for second degree robbery. In all other respects, the judgment is affirmed.



SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


SCOTT, J.